IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IVAN AND MEGAN BELASIC, Individually, and as Legal Guardians of Isabelle Belasic | ) | Case No: |
| Plaintiffs, | ) | |
| v. | ) | JUDGE: |
| WILLOUGHBY-EASTLAKE CITY SCHOOLS BOARD OF EDUCATION<br>35353 Curtis Boulevard<br>Eastlake, OH 44095 | ) | |
| and | ) | |
| JESSICA VARCHO, Individually and in her Official Capacity as Teacher at Northern Career Institute<br>35353 Curtis Boulevard<br>Eastlake, OH 44095 | ) | |
| and | ) | |
| CARLA RICHARDSON, Individually and in her Official Capacity as Paraprofessional<br>35353 Curtis Boulevard<br>Eastlake, OH 44095 | ) | |
| and | ) | |
| PATRICK WARD, Individually and in his Official Capacity as Superintendent of Willoughby-Eastlake City Schools<br>35353 Curtis Boulevard<br>Eastlake, OH 44095 | ) | |

and )
)
JOHN ROES 1-5, Individually and in their )
Official Capacities as Employees of )
Willoughby-Eastlake City Schools )
35353 Curtis Boulevard )
Eastlake, OH 44095 )
)
Defendants. )

**COMPLAINT**
**(Jury Trial Demanded)**

NOW COMES Plaintiffs, Ivan and Megan Belasic, Individually, and as Parents and Legal Guardians of Isabelle Belasic, by and through undersigned counsel, and for their cause of action against the Defendants, Willoughby-Eastlake City Schools Board of Education, Jessica Varcho, Carla Richardson, Patrick Ward, and John Roes 1-5, state the following:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this matter presents a federal question under the Americans with Disability Act ("ADA") codified as 42 U.S.C. § 12182 *et seq.*, as well as the Fourteenth Amendment of the United States Constitution.

2. Supplemental jurisdiction over Plaintiffs' state law claims is invoked pursuant to 28 U.S.C. § 1376 as the claims arise out of the same transaction and occurrences as Plaintiffs' federal claims.

3. The events giving rise to this lawsuit occurred in Lake County, Ohio, which is located in the Northern District of Ohio.

4. Venue is proper in the United States District Court for the Northen District of Ohio, pursuant to 28 U.S.C. § 1391 (b)(2), as the events giving rise to Plaintiffs' claims occurred in this jurisdiction.

**PARTIES**

5. At all relevant times, Plaintiff Ivan Belasic was an individual who resided in Lake County, Ohio.

6. At all relevant times, Plaintiff Megan Belasic was an individual who resided in Lake County, Ohio.

7. Plaintiffs Ivan and Megan Belasic are the natural and biological parents of Isabelle Belasic, a former student at Willoughby-Eastlake City Schools.

8. Isabelle is an individual who resides in Lake County, Ohio.

9. Though an adult, Isabelle is disabled and requires a legal guardianship.

10. At all relevant times to this Complaint, Isabelle was a minor.

11. Defendant Willoughby-Eastlake City Schools Board of Education is, and was at all relevant times, the governing body for Willoughby-Eastlake City Schools ("WECS"). Pursuant to R.C. § 3313.17, "the board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued."

12. WECS is, and was at all times relevant herein, a public-school district incorporated under the laws of the State of Ohio, located in Lake County, Ohio.

13. Northern Career Institute ("NCI") is a Career and Technical Education school within WECS, located at 34050 Glen Drive, Eastlake, Ohio 44095.

14. Willoughby South High School is a high school within WECS, located at 4900 Shankland Road Willoughby, OH 44094.

15. At all material times, Isabelle was a student in the tenth grade, attending WECS.

16. At all material times, Defendant Jessica Varcho ("Varcho"), in her official capacity as Teacher at NCI, was an agent and/or employee of WECS, acting within the scope, course, and authority of her employment and/or agency and within the scope, course, and authority of her employer and/or agency.

17. At all material times, Defendant Carla Richardson ("Richardson"), in her official capacity as Paraprofessional at NCI, was an agent and/or employee of WECS, acting or failing to act within the scope, course, and authority of her employment and/or agency and within the scope, course, and authority of her employer and/or agency.

18. At all material times, Defendant Patrick Ward ("Ward"), in his official capacity as Superintendent of WECS, was an agent and/or employee of WECS, acting or failing to act within the scope, course, and authority of his employment and/or agency and within the scope, course, and authority of his employer and/or agency.

19. At all material times, Defendants John Roes 1-5, in their official capacities, were agents and/or employees of WECS and/or NCI, acting or failing to act within the scope, course, and authority of their employment and/or agency and within the scope of, course, and authority of their employer and/or agency.

**FACTUAL ALLEGATIONS**

20. During the 2023-2024 school year, Isabelle was a student of both NCI and Willoughby South High School.

21. At all relevant times, Isabelle started her school day at NCI for approximately two hours. After her time at NCI, Isabelle would then be transported via a WECS school bus to Willoughby South High School, where she would resume her school day.

22. At the time of the occurrence set forth herein, Isabelle had been diagnosed with autism spectrum disorder and speech apraxia.

23. This diagnosed disorder substantially limits one or more of Isabelle's major life activities, as set forth by the Americans with Disabilities Act ("ADA").

24. Due to her disability, Isabelle experiences significant difficulty communicating with others.

25. Isabelle was, at all relevant times, disabled due to these conditions.

26. At all relevant times, Defendant Varcho was employed by WECS as a teacher within NCI. Defendant Varcho served as Isabelle's teacher during the 2023-2024 school year, while Isabelle attended NCI.

27. At all relevant times, Defendant Richardson was employed by WECS as a Paraprofessional at NCI. As part of Richardson's employment, she was tasked with working with students with disabilities, such as Isabelle.

28. At all relevant times, Richardson was tasked with assisting Isabelle.

29. As part of Defendants Varcho and Richardson's duties, responsibilities, and/or essential functions, Defendants have a duty to, among other things:

a. Ensure the safety of students;

b. Interact with a diverse group of students;

c. Interact in a positive manner with staff, students, and parents;

d. Apply sanctioned physical escorts/restraints as necessary to ensure the safety and welfare of students and staff;

e. Interact appropriately with students who exhibit emotional or behavioral problems, aggressive behavior, or physical problems;

f. Manage student behavior effectively;

g. Be truthful to parents; and

h. Perform duties related to the education and supervision of handicapped students.

30. On September 8, 2023, Isabelle left Plaintiffs' home as usual to attend school. When she left Plaintiffs' home, she was in good health and with no physical injury.

31. Upon her return home from school, Plaintiffs noticed that Isabelle was unable to use her left arm and showed signs of being in significant pain.

32. Upon examination, Plaintiffs noticed bruising throughout Isabelle's wrists, as well as her left forearm, biceps, and triceps.

33. On September 9, 2023, the bruising on Isabelle's arms worsened, and Isabelle was still unable to use her left arm/wrist.

34. At that time, Isabelle reported to Plaintiffs that Varcho and Richardson were "mean" and "twisted her arm."

35. The "grabbing and twisting" of a student's arm(s) is a prohibited use of restraint pursuant to Ohio Administrative Code Rule 3301-35-15.

36. Plaintiffs then took Isabelle to AFC Urgent Care located in Mentor, Ohio for treatment. X-rays were taken and confirmed that Isabelle suffered a broken left wrist. Specifically, Isabelle suffered a broken bone chord in her left wrist, and a fracture in her forearm.

37. In the course of being treated for her injuries, one doctor reported that while the broken bone could be consistent with a fall, the bruising along her arms were not consistent with a fall. Instead, the doctor opined that Isabelle's injuries were consistent with an injury caused by forceful trauma.

38. The injuries suffered by Isabelle were caused by Varcho and Richardson's use of physical restraint.

39. At no time did Varcho or Richardson report their use of physical restraint to Plaintiffs or anyone else.

40. When confronted with information about Isabelle's injuries, both Varcho and Richardson made false statements regarding the potential source of the injury.

41. At no time on did any member of WECS tell Plaintiffs that Isabelle was physically restrained or had physical force used on her, or that the injuries were sustained as a result of physical force.

42. Rather, Varcho and Richardson continued to make statements leading Plaintiffs to believe that Isabelle "fell on her buttocks."

43. Pursuant to Ohio Administrative Code Rule 3301-35-15, "Any incident of seclusion or restraint shall be immediately reported to building administration and the parent and also be documented in a written report that is issued to the parent immediately or within twenty-four hours."

44. Defendants' failure to notify Isabelle's parents within twenty-four hours is a violation of Ohio Administrative Code Rule 3301-35-15.

45. Since the assault, Isabelle has become more detached, fearful of going to school or activities that do not involve her parents, and fearful of non-family adults.

46. To date, WECS has not taken any affirmative action against Varcho and/or Richardson.

## COUNT I:
## Violation of ADA
## (Against WECS)

47. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten and replead herein and further state as follows.

48. WECS is bound by the obligations imposed by the Americans with Disabilities Act ("ADA").

49. The ADA prohibits discrimination based on disability.

50. Under 42 U.S.C. § 12132, Isabelle is protected as a person with a disability and is entitled to protections under 20 U.S.C. § 1415 to bring a claim or cause of action under the provisions of the Act.

51. WECS violated provisions of the ADA by its acts and/or omissions, including, but not limited to,

a. 28 C.F.R. § 35.130(a), which provides that "no qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity;"

b. 28 C.F.R. § 35.130(b)(i), which prohibits a public entity from "deny[ing] a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service [of the public entity];"

c. 28 C.F.R. § 35.130(b)(iii), which prohibits a public entity from providing a "qualified individual with a disability with an aid, benefit or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others;"

d. 28 C.F.R. § 35.130(b)(vii) which prohibits a public entity from "otherwise limit[ing] a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit or service;" and

e. 28 C.F.R. §35.130(b)(3)(i), by using "criteria or methods of administration" that have "the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability."

52. At all relevant times, Defendant was notified and aware of Isabelle's disability.

53. Due to Defendant's conduct, Isabelle has been, among other things, excluded from participation in or be denied the benefits of WECS, and/or been subjected to discrimination by WECS.

54. Isabelle's claims of discrimination by way of abuse do not relate to Isabelle's ongoing right to receive a free public education and thus is not subject to any administrative exhaustion requirement.

55. WECS was made aware of the aforementioned violations and acted with deliberate indifference when it failed to take any meaningful steps to investigate and/or discipline Varcho and/or Richardson.

56. As a direct and proximate result of Defendant's violations of the ADA, Isabelle suffered damages and continues to suffer damages.

57. As a direct and proximate result of Defendant's violations of ADA, Isabelle was deprived of access to education opportunities. Plaintiffs are entitled to monetary and injunctive relief.

**COUNT II:**
**Violation of Section 504 of the Rehabilitation Act of 1973**
**(Against WECS)**

58. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten and replead herein and further states as follows.

59. Section 504 of the Rehabilitation Act of 1973 provides, in pertinent part, that: "No otherwise qualified individual with handicaps in the United States . . . shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...."

60. As described herein, Isabelle is an otherwise qualified individual with handicaps as pursuant to Section 504.

61. Isabelle had a record of such handicaps, which were known by Defendant.

62. As described herein, Isabelle was excluded from and/or denied the benefit of WECS educational programming, solely by reason of her handicap.

63. Isabelle's claims under Count II do not relate to Isabelle's ongoing right to receive a free public education and thus is not subject to any administrative exhaustion requirement.

64. WECS was made aware of the aforementioned violations and acted with deliberate indifference when it failed to take any meaningful steps to investigate and/or discipline Varcho and/or Richardson.

65. As a direct and proximate result of Defendant's violations of Section 504 of the Rehabilitation Act, Isabelle suffered damages and continues to suffer damages.

**COUNT III:**
**Excessive Force**
**42 U.S.C. § 1983, Fourth and Fourteenth Amendments to the United States Constitution**
**(Against Defendants Varcho and Richardson, in their Individual Capacity)**

66. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten and replead herein and further states as follows.

67. Pursuant 42 USC §1983, as well as the Fourth and Fourteenth Amendments of the United States Constitution, Varcho and Richardson owed Isabelle duties to act prudently and with reasonable care, and otherwise to avoid unnecessary, unreasonable and illegal use of excessive force.

68. Any reasonable teacher and/or paraprofessional in Defendants' position at the time of all the relevant events hereto would have known that the use of the above-outlined force was illegal, unnecessary and excessive under the same or similar conditions that existed in this case.

69. The force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice that it amounted to a brutal and inhumane abuse of power.

70. Defendants' aforementioned conduct breached their duties to act prudently and with reasonable care, and otherwise to avoid unnecessary, unreasonable and illegal use of excessive force.

71. At the time of her excessive force, Varcho and Richardson were agents and/or employees of both WECS, acting within the scope of their employment and/or agency.

72. As a direct and proximate result of Defendants' conduct, Isabelle suffered damages and continues to suffer damages.

## COUNT IV:
## Denial of Due Process
## 42 U.S.C. § 1983, Fifth and Fourteenth Amendments to the United States Constitution
## (Against All Individual Defendants, in their Individual Capacities)

73. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten and replead herein and further states as follows.

74. Defendants' failure to supervise Varcho and Richardson's conduct, as well as their failure to protect Isabelle from Varcho and/or Richardson deprived her of her liberty interest in bodily integrity, and her property interest in an education, without due process of law, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.

75. Defendants subjected Isabelle to violations of her liberty interest in bodily integrity, and her property interest in her education by failing to adequately supervise Varcho and/or Richardson, by failing to stop Varcho and/or Richardson's assault upon Isabelle, and by failing to adequately train and supervise its staff with respect to the treatment of Isabelle, all of which created the danger that resulted in Isabelle being assaulted, harassed, and bullied by Varcho and Richardson more severely and for a longer period of time than otherwise would have been the case.

76. At all relevant times, Defendants were acting within the scope of their respective employment and/or agency.

77. As a direct and proximate result of Defendants' conduct contained herein, Isabelle suffered damages and continues to suffer damages.

**COUNT V:**
**State Created Danger**
**42 U.S.C. § 1983**
**(Against All Individual Defendants, in their Individual Capacities)**

78. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten and replead herein and further states as follows.

79. Defendants have, under color of law, deprived Isabelle of rights, privileges, and immunities secured to her by the United States Constitution including the right to due process under the Fourteenth Amendment, and specifically the right to be free from affirmative actions that directly increase Isabelle's vulnerability or otherwise place her in danger and take away from her parents their ability to protect her.

80. Defendants acted with deliberate indifference when, despite other staff members witnessing Richardson's inappropriate and illegal handling of Isabelle, refused to intervene, allowing her to continue to harass, bully, and assault Isabelle. Such acts placed Isabelle in danger and/or made her more vulnerable to the continued attack.

81. At all relevant times, Defendants were acting within the scope of their respective employment and/or agency.

82. Defendants' denial of Isabelle's constitutional rights caused Isabelle pain and suffering, including, but not limited to, humiliation, depression, educational impacts, anxiety, and fear.

83. As a direct and proximate result of Defendants' actions, Isabelle suffered damages and continues to suffer damages for which they are liable.

**COUNT VI:**
**Negligence**
**(Against WECS, and All Individual Defendants, in their Individual Capacities)**

84. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten herein.

85. Defendants WECS and Ward had an affirmative duty to protect Isabelle from the physical and other abuse she suffered at the hands of Varcho and Richardson.

86. Defendants WECS and Ward had a duty to immediately report the physical abuse suffered by Isabelle to her parents.

87. Defendants Varcho and Richardson had an affirmative duty to care for and protect Isabelle, which included the duty to refrain from physically abusing her.

88. Defendants Varcho and Richardson had an affirmative duty to apply sanctioned physical escorts and/or restraints.

89. Despite these duties, Defendants WECS and WARD failed to protect Isabelle, and failed to promptly inform Isabelle's parents. Defendants' actions and/or inactions, fully contained herein, constitute a breach of the aforementioned duties.

90. Defendants Varcho and Richardson physically assaulted Isabelle Defendants' actions and/or inactions, fully contained herein, constitute a breach of the aforementioned duties.

91. Defendants' acts and omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.

92. As a direct and proximate cause of Defendants' negligence, Isabelle suffered damages and continues to suffer damages.

**COUNT VII**
**Civil Liability For Criminal Acts Under Ohio Revised Code § 2307.60(A)(1), And, Including, But Not Limited To, Ohio Revised Code § 2903.13 (Assault)**
**(Against Defendants Varcho and Richardson, in their Individual Capacities)**

131. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten herein.

132. Under Ohio Revised Code § 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action," including attorneys' fees and punitive damages.

133. Ohio Revised Code § 2903.13(A) provides, in part that "no person shall knowingly cause or attempt to cause physical harm to another."

134. Ohio Revised Code § 2903.13(B) provides, in part, that "no person shall recklessly cause serious physical harm to another."

135. By grabbing and twisting Isabelle's arm, causing injury in the manner described throughout this Complaint, Varcho and Richardson violated Ohio Revised Code § 2903.13.

136. Defendants' violation of Ohio Revised Code § 2903.13, to wit, Assault, was a direct and proximate cause of Isabelle's injuries.

137. As a direct and proximate result of Defendants' conduct, Isabelle suffered and continues to suffer both economic and non-economic damages for which Defendants are liable under Ohio Revised Code § 2307.60(A)(1).

**COUNT VIII**
**Civil Liability For Criminal Acts Under Ohio Revised Code § 2307.60(A)(1), And, Including, But Not Limited To, Ohio Revised Code § 2903.21 (Aggravated Menacing)**
**(Against Defendants Varcho and Richardson, in their Individual Capacities)**

138. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten herein.

139. Under Ohio Revised Code § 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action," including attorneys' fees and punitive damages.

140. Ohio Revised Code § 2903.21(A) provides, in part that "no person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person."

141. By grabbing and twisting Isabelle's arm, causing injury in the manner described throughout this Complaint, Varcho and Richardson violated Ohio Revised Code § 2903.21.

142. Defendants' violation of Ohio Revised Code § 2903.21, to wit, Aggravated Menacing, was a direct and proximate cause of Isabelle's injuries.

143. As a direct and proximate result of Defendants' conduct, Isabelle suffered and continues to suffer both economic and non-economic damages for which Defendants are liable under Ohio Revised Code § 2307.60(A)(1).

**COUNT IX**
**Civil Liability For Criminal Acts Under Ohio Revised Code § 2307.60(A)(1), And, Including, But Not Limited To, Ohio Revised Code § 2903.22 (Menacing)**
**(Against Defendants Varcho and Richardson, in their Individual Capacities)**

144. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten herein.

145. Under Ohio Revised Code § 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action," including attorneys' fees and punitive damages.

146. Ohio Revised Code § 2903.22(A)(1) provides, in part that "no person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person."

147. By grabbing and twisting Isabelle's arm, causing injury in the manner described throughout this Complaint, Varcho and Richardson violated Ohio Revised Code § 2903.22.

148. Defendants' violation of Ohio Revised Code § 2903.22, to wit, Menacing, was a direct and proximate cause of Isabelle's injuries.

149. As a direct and proximate result of Defendants' conduct, Isabelle suffered and continues to suffer both economic and non-economic damages for which Defendants are liable under Ohio Revised Code § 2307.60(A)(1).

**COUNT X**
**Civil Liability For Criminal Acts Under Ohio Revised Code § 2307.60(A)(1), And, Including, But Not Limited To, Ohio Revised Code § 2919.22 (Endangering Children)**
**(Against Defendants Varcho and Richardson, in their Individual Capacities)**

131. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten herein.

132. Under Ohio Revised Code § 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action," including attorneys' fees and punitive damages.

133. Ohio Revised Code § 2919.22(B)(1) provides, in part that "No person shall do any of the following to a child under eighteen years of age or a child with a mental or physical disability under twenty-one years of age: (1) abuse the child."

134. By grabbing and twisting Isabelle's arm, causing injury in the manner described throughout this Complaint, Varcho and Richardson violated Ohio Revised Code § 2919.22(B)(1).

135. Defendants' violation of Ohio Revised Code § 2919.22, to wit, Endangering children, was a direct and proximate cause of Isabelle's injuries.

136. As a direct and proximate result of Defendants' conduct, Isabelle suffered and continues to suffer both economic and non-economic damages for which Defendants are liable under Ohio Revised Code § 2307.60(A)(1).

**COUNT XI**
**Assault**
**(Against Defendants Varcho and Richardson, in their Individual Capacities)**

137. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten herein.

138. Varcho and Richardson's intentional actions, described throughout this Complaint, caused Isabelle reasonable apprehension of an immediate harmful or offensive conduct.

139. Defendants' acts were willful, egregious, and malicious.

140. As a direct and proximate result of Defendants' conduct, Isabelle has suffered and continues to suffer economic and non-economic damages for which Defendants are liable.

141. Defendants' acts were willful, egregious, malicious, and worthy of substantial sanctions to punish and deter Defendants and others from engaging in this type of unlawful conduct.

**COUNT XII**
**Battery**
**(Against Defendants Varcho and Richardson, in their Individual Capacities)**

142. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten herein.

143. Defendants intentionally caused harm or offensive contact to Isabelle without her consent.

144. As a direct and proximate result of Defendants' conduct, Isabelle has suffered and continues to suffer economic and non-economic damages for which Defendants are liable.

145. Defendants' acts were willful, egregious, malicious, and worthy of substantial sanctions to punish and deter Defendants and others from engaging in this type of unlawful conduct.

**COUNT XIII**
**Intentional Infliction of Emotional Distress**
**(Against Defendants Varcho and Richardson, in their Individual Capacities)**

146. Plaintiffs incorporate all previous paragraphs and allegations as if fully rewritten herein.

147. In conducting themselves as they did, Varcho and Richardson either intended to cause emotional distress or should have known that the actions taken would result in serious emotional distress to Isabelle

148. Defendants' conduct in assaulting Isabelle and withholding the truth from the school and Isabelle's parents, went beyond all possible bounds of decency and was such that it could not be considered tolerable in a civilized society.

149. As a direct and proximate result of Defendants' unlawful activity, Isabelle has suffered and continues to suffer mental anguish so serious and of a nature that no reasonable individual could be expected to endure it, and for which Defendants are liable.

150. Defendants' acts were willful, egregious, malicious, and worthy of substantial sanctions to punish and deter Defendants and others from engaging in this type of unlawful conduct.

**COUNT XIV:**
**Loss of Consortium**
**(Against All Defendants)**

151. Plaintiffs adopt and incorporate all previous paragraphs and allegations as if fully rewritten herein.

152. As a result of the wrongful acts of Defendants, contained herein, Ivan and Megan were caused to suffer, and will continue to suffer, loss of consortium, loss of society, affection, assistance, and parental fellowship of her son.

153. All damages contained above were directly and proximately caused by the wrongful acts of Defendants.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

A. Award Plaintiffs compensatory damages in an amount to be shown at trial;

B. Award Plaintiffs punitive damages in an amount to be shown at trial;

C. Award Plaintiffs reasonable attorneys' fees, costs, and disbursements;

D. Award Pre and post judgement interest; and

E. Grant Plaintiffs such additional relief as the Court deems just a proper.

Respectfully Submitted,

*/s/ Eric Long*

Eric F. Long (0093197)
Tyler J. Walchanowicz (0100115)
Friedman Nemecek Long & Grant, L.L.C.
The IMG Center
1360 E. 9th Street, Suite 650
Cleveland, OH 44114
T: (216) 928-7700
F: (216) 820-4659
efl@fanlegal.com
tjw@fanlegal.com